UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

ECHOSTAR SATELLITE LLC, a Colorado corporation, ECHOSTAR TECHNOLOGIES CORPORATION, a Texas corporation, and NAGRASTAR LLC, a Colorado corporation,

    Plaintiffs,

v.

FINISAR CORPORATION, a Delaware corporation,

    Defendant.

Case No. 06-0425-JJF

---

**FINISAR CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' DECLARATORY JUDGMENT COMPLAINT**

---

OF COUNSEL:

Thomas B. Kenworthy
David W. Marston Jr. (No. 3972)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5000

Stephen B. Judlowe
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000

Dion M. Bregman
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California 94306
(650) 843-4000

Arthur G. Connolly, Jr. (No. 496)
Arthur G. Connolly, III (No. 2667)
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

Attorneys for Defendant
Finisar Corporation

DATED: October 24, 2006

## TABLE OF CONENTS

**Page**

TABLE OF CITATIONS ................................................................................................................ ii

I.   NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II.  SUMMARY OF ARGUMENT .........................................................................................1

III. STATEMENT OF PERTINENT FACTS .........................................................................2

    A.   License Negotiations Between Finisar And EchoStar ............................................2

    B.   The DirecTV Suit....................................................................................................3

IV.  ARGUMENT.....................................................................................................................4

    A.   When This Suit Was Filed, There Was No Justiciable Case Or Controversy Because The Parties Were Engaged In Ongoing Licensing Discussions ...................................................................4

    B.   When EchoStar Filed Its Complaint, There Was No Justiciable Case Or Controversy Because EchoStar Did Not Have A Reasonable Apprehension Of *Imminent* Suit.................................................................................................5

    C.   Even If A Justiciable Controversy Were To Exist, The Court Should Decline To Exercise Its Discretion To Entertain This Declaratory Judgment Suit...............................................5

V.   CONCLUSION..................................................................................................................7

## **TABLE OF CITATIONS**

**Page(s)**

**CASES**

*Arizonans for Official Language v. Arizona*, 520 U.S. 43 (1997) .................................................. 4

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731
 (Fed. Cir. 1988) ........................................................................................................................ 4

*Bausch & Lomb Inc. v. Alcide Corp.*, 684 F. Supp. 1155
 (W.D. N.Y. 1987) ..................................................................................................................... 6

*Davox Corp. v. Digital Systems International, Inc.*, 846 F. Supp. 144
 (D. Mass. 1993) ........................................................................................................................ 7

*EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996) .................................................... 6, 7

*Livorsi Marine Inc. v. Nordskog Publishing, Inc.*, 268 F. Supp. 2d 994
 (N.D. Ill. 2003) ...................................................................................................................... 4, 5

*MedImmune, Inc. v. Centacor, Inc.*, 409 F.3d 1376 (Fed. Cir 2005) .......................................... 4

*NSI Corp. v. Showco, Inc.*, 843 F. Supp. 642 (D. Or. 1994) ....................................................... 7

*Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha*,
 57 F.3d 1051 (Fed. Cir. 1995) .................................................................................................. 4

*Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885 (Fed. Cir. 1992) .................................................... 4

*Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324
 (Fed. Cir. 2005) ........................................................................................................................ 5

*United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212
 (D. Del. 1991) ........................................................................................................................... 6

*Vanguard Research, Inc. v. Peat, Inc.*, , 304 F.3d 1249 (Fed. Cir. 2002) .................................. 4

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ...................................................................... 5, 6

## I. NATURE AND STAGE OF THE PROCEEDINGS

On July 10, 2006, plaintiffs EchoStar Satellite LLC, EchoStar Technologies Corporation, and Nagrastar LLC (collectively "EchoStar") filed a complaint in this action, seeking a declaratory judgment that plaintiffs do not infringe, and have not infringed, any valid claim of U.S. Patent No. 5,404,505 ("the '505 patent") [D. I. 1].

Finisar Corporation ("Finisar") hereby moves to dismiss the complaint for lack of a justiciable controversy since EchoStar did not have a reasonable apprehension of *imminent* suit and there were ongoing licensing discussions between Finisar and EchoStar at the time the complaint was filed. In the alternative, Finisar requests the Court to exercise its discretion to decline to accept jurisdiction. This is Finisar's opening brief in support of that motion.

## II. SUMMARY OF ARGUMENT

A justiciable case or controversy must exist at the time suit is filed. When this declaratory judgment action was filed there was no justiciable case or controversy because the parties were engaged in ongoing license discussions that had not broken down and EchoStar did not have a reasonable apprehension of *imminent* suit. Even if a justiciable controversy were to exist, the circumstances are such that the Court should decline to exercise its discretion to entertain this declaratory judgment suit.

### III.    STATEMENT OF PERTINENT FACTS

#### A.    License Negotiations Between Finisar And EchoStar

Finisar first contacted EchoStar to open licensing discussions with respect to the '505 patent when its outside patent counsel sent a letter to David Moskowitz, EchoStar's General Counsel, on June 25, 2004. [See Declaration of Dion M. Bregman ("Bregman Decl.") Ex. A]. EchoStar promptly responded, requesting information so that it could "evaluate whether a license under Finisar's patent would be beneficial for EchoStar." [See id., Ex. B]. Over the next several months, the parties exchanged correspondence. [See id., Exs. C-F]. On January 27, 2005, EchoStar's Associate Patent Counsel sent a letter to Finisar's outside patent counsel, proposing a meeting in Colorado. [See id., Ex. G]. On March 24, 2005, Finisar's outside patent counsel met with representatives of EchoStar at EchoStar's offices in Englewood, Colorado. [See id. at ¶ 9]. During that meeting, the parties discussed their respective positions with regard to the applicability of claims of the '505 patent to EchoStar's technology. [Id.].

Following the March 24 meeting, Finisar's outside patent counsel wrote to EchoStar on April 6, 2005 and, noting that EchoStar had stated at the meeting that it would be open to discussing potential licensing terms, invited EchoStar's non-lawyer business representative to Finisar's offices in Silicon Valley for further discussions among the business principles. [See Bregman Decl., Ex. H]. On April 14, 2005, EchoStar's Vice President of Intellectual Property - Associate General Counsel responded reiterating that EchoStar would be happy to consider any licensing proposals and indicating that he was the person at EchoStar to whom such a proposal should be made. [Id., Ex. I]. On June 16, 2005, Finisar made a licensing pro-

posal to EchoStar with a stated proposed royalty. [See id., Ex. J]. By this time, however, litigation involving the '505 patent had been initiated against DirecTV, and EchoStar did not respond to Finisar's proposal. [See id.].

After the jury returned a verdict in Finisar's favor in the DirecTV case on June 23, 2006, Finisar issued a press release in which it noted that "[a]s a result of this verdict, Finisar will continue its ongoing licensing discussions with other companies operating data distribution networks." [See Bregman Decl., Ex. K]. Thereafter, EchoStar and Finisar resumed their discussions; a meeting in Colorado was originally scheduled for September 27, 2006, but that date became inconvenient for EchoStar and the parties are in the process of agreeing upon a mutually agreeable date and location. [See id. at ¶ 14].

### B.     The DirecTV Suit

Finisar filed suit against the DirecTV Group, Inc. and related entities in the United States District Court for the Eastern District of Texas on April 4, 2005, alleging infringement of the '505 patent. [Bregman Decl., Ex. L, Docket Item 1]. Trial was held on June 12-23, 2006. [Id., Docket Items 302-313]. The '505 patent was found to be willfully infringed and not invalid, and on July 7, 2006, a final judgment was entered in favor of Finisar in the total amount of $117,840,500.25. [Id., Docket Item 333]. DirecTV's post-trial motions for JMOL and/or new trial have been denied. [Id., Docket Item 351]. DirecTV has appealed to the Federal Circuit and Finisar has filed a cross-appeal. [Id., Docket Items 355 & 357].

## IV. ARGUMENT

It is well-settled that federal jurisdiction is limited to cases of "actual controversy." Arizonans for Official Language v. Arizona, 520 U.S. 43, 67 (1997). Whether an actual controversy exists is a matter of substantive law. Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988). Because this case arises under the patent laws, the Court must apply the substantive law of the Federal Circuit. Vanguard Research, Inc. v. Peat, Inc., , 304 F.3d 1249, 1254 (Fed. Cir. 2002). The declaratory judgment plaintiff bears the burden of proving the existence of an actual and justiciable controversy by a preponderance of the evidence. Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 887 (Fed. Cir. 1992). The controversy must exist at the time suit is filed. MedImmune, Inc. v. Centacor, Inc., 409 F.3d 1376, 1381 (Fed. Cir 2005) ("the presence or absence of a case or controversy is based on facts at the time the Complaint was filed.").

### A. When This Suit Was Filed, There Was No Justiciable Case Or Controversy Because The Parties Were Engaged In Ongoing Licensing Discussions

"When there are proposed or ongoing license negotiations, a litigation controversy does not arise until the negotiations have broken down." Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha, 57 F.3d 1051, 1053 (Fed. Cir. 1995). In this case, there were, and are, ongoing licensing discussions that have not broken down. See discussion supra, pp. 2-3. Because ongoing licensing discussions between EchoStar and Finisar had not broken down when EchoStar filed suit, there was no justiciable controversy and EchoStar's complaint should be dismissed. See Livorsi Marine Inc. v. Nordskog Publishing, Inc., 268 F. Supp.2d 994, 998

(N.D. Ill. 2003) ("When parties are still engaged in licensing negotiations as of the filing date of an action for declaratory judgment, there can be no actual controversy.").

### B. When EchoStar Filed Its Complaint, There Was No Justiciable Case Or Controversy Because EchoStar Did Not Have A Reasonable Apprehension Of *Imminent* Suit

In order for a case to be amenable for judicial review, the declaratory judgment plaintiff must be able to demonstrate that at the time it filed suit it had "a reasonable apprehension of *imminent* suit." Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc., 395 F.3d 1324, 1333 (Fed. Cir. 2005) (emphasis in original). EchoStar has not alleged and cannot produce credible evidence that at the time it filed suit it had a reasonable apprehension of *imminent* suit.[1] Indeed, since the time EchoStar filed suit against DirecTV in 2005, Finisar has not done anything to cause anyone to reasonably believe that they might be sued on the '505 patent until at least after all appeals in the DirecTV case were exhausted. Accordingly, for this additional reason, EchoStar's complaint should be dismissed for lack of a justiciable controversy.

### C. Even If A Justiciable Controversy Were To Exist, The Court Should Decline To Exercise Its Discretion To Entertain This Declaratory Judgment Suit

A District Court is not obliged to entertain a declaratory judgment suit. Rather, as the Supreme Court has held, the Federal Declaratory Judgment Act "confers a discretion on the court rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S.

---

[1] To the contrary, EchoStar has merely alleged that at some point in the past "Finisar has made statements and taken positions that have given EchoStar a reasonable belief that Finisar is contemplating litigation against EchoStar." [D.I. at ¶ 9].

-5-

277, 287 (1995); see also United Sweetener USA, Inc. v. Nutrasweet Co., 766 F. Supp. 212, 216 (D. Del. 1991) ("The Act therefore is 'an authorization for jurisdiction, not a command.'" (citation omitted)). Thus, even if the Court were to find that there was a ripe and justiciable controversy, the Court "has discretion to decline that jurisdiction." EMC Corp. v. Norand Corp., 89 F.3d 807, 810 (Fed. Cir. 1996).

This Court has broad discretion to refuse to entertain a declaratory judgment action. EMC Corp., 89 F.3d at 813-14. A recurring circumstance where courts exercise their discretion and decline jurisdiction is when a putative patent infringer files a declaratory suit to enhance its negotiating leverage when licensing discussions with the patentee have not been terminated. In EMC Corp., the Federal Circuit affirmed a District Court dismissal stating:

> "[In Davox,] the court declined to exercise jurisdiction over a declaratory judgment action in which the plaintiff filed suit while still engaged in negotiations with the patentee. Dismissal was proper there, the court observed, because 'it would be inappropriate to reward – and indeed abet – conduct which is inconsistent with the sound policy of promoting extrajudicial dispute resolution, and conservation of judicial resources.' Davox Corp., 846 F. Supp. at 148, 26 USPQ2d at 1234." We agree that a court may take into account the pendency of serious negotiations to sell or license a patent in determining to exercise jurisdiction over a declaratory judgment action."

89 F.3d at 814; accord, Bausch & Lomb Inc. v. Alcide Corp., 684 F. Supp. 1155, 1160 (W.D.N.Y. 1987) ("To allow this action to proceed would be to discourage such good faith effort to negotiate").

Even if the Court were to find that there were a justiciable controversy for jurisdictional purposes, it would be entirely appropriate and sound judicial administration for the

- 6 -

Court to decline to exercise jurisdiction over this declaratory judgment action. See, EMC Corp., 89 F.3d at 814; see also Davox Corp. v. Digital Systems International, Inc., 846 F. Supp. 144, 148 (D. Mass. 1993); NSI Corp. v. Showco, Inc., 843 F. Supp. 642, 645-46 (D. Or. 1994).[2/]

## V.  CONCLUSION

For the foregoing reasons, Finisar respectfully requests the Court to grant its motion to dismiss plaintiffs' declaratory judgment complaint.

Respectfully submitted,

DATED: October 24, 2006

*/s/ Arthur G. Connolly, III*
Arthur G. Connolly, Jr. (No. 496)
Arthur G. Connolly, III (No. 2667)
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

OF COUNSEL:

Thomas B. Kenworthy
David W. Marston Jr. (No. 3972)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5000

Attorneys for Defendant
Finisar Corporation

and

Stephen B. Judlowe
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000

and

---

[2/]  The timing of EchoStar's suit (the next business day after the entry of judgment in the DirecTV suit) is clearly an attempt on the part of EchoStar to marshal negotiating leverage, i.e., to avoid suit in the Eastern District of Texas, where the DirecTV case was tried.

- 7 -

Dion M. Bregman
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California 94306
(650) 843-4000

## CERTIFICATE OF SERVICE

I, ARTHUR G. CONNOLLY, III, do hereby certify that on this date, true and correct copies of the foregoing were served upon the following counsel via ECF and as follows:

### VIA HAND DELIVERY

Josy W. Ingersoll, Esquire
Richard H. Morse, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street
The Brandywine Building, 17th Floor
P. O. Box 391
Wilmington, Delaware 19899

### VIA FEDERAL EXPRESS

Harold J. McElhinny, Esquire
Rachel Krevans, Esquire
William J. Kuhne, Esquire
Jason A. Crotty, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105

Attorneys for Plaintiffs
EchoStar Satellite LLC,
EchoStar Technologies Corporation,
 and Nagrastar LLC

DATED: October 24, 2006

_____
ARTHUR G. CONNOLLY, III (No. 2667)