UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECHOSTAR SATELLITE LLC, a Colorado corporation, ECHOSTAR TECHNOLOGIES CORPORATION, a Texas corporation, and NAGRASTAR LLC, a Colorado corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FINISAR CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 06-0425-JJF |

FINISAR CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' DECLARATORY JUDGMENT COMPLAINT

OF COUNSEL:

Thomas B. Kenworthy
David W. Marston Jr. (No. 3972)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5000

Stephen B. Judlowe
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000

Dion M. Bregman
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California 94306
(650) 843-4000

Arthur G. Connolly, Jr. (No. 496)
Arthur G. Connolly, III (No. 2667)
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

Attorneys for Defendant
Finisar Corporation

DATED: November 14, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ................................................................................................... ii

INTRODUCTION ............................................................................................................. 1

REPLY ARGUMENT ....................................................................................................... 1

    A.    Notwithstanding Its Burden Of Establishing Subject Matter Jurisdiction By A Preponderance Of The Evidence, EchoStar Has Presented <u>No</u> <u>Evidence</u> <u>Whatsoever</u> That It Had A Real Apprehension Of Suit, Imminent Or Otherwise ....................................... 1

    B.    An Assertion By The Patentee That Activity By The Declaratory Judgment Plaintiff Constitutes Infringement Does Not *Ipso Facto* Establish A Justiciable Case Or Controversy As EchoStar Suggests ..................... 3

    C.    The Licensing Discussions Between Finisar And EchoStar Had Not Terminated At The Time Suit Was Filed, And Public Policy Dictates That EchoStar's Complaint Be Dismissed ............................... 4

    D.    EchoStar's Arguments As To Why This Court Should Not Decline To Exercise Jurisdiction, Even If EchoStar Had Presented Sufficient Evidence To Establish A Justiciable Case Or Controversy, Are Also Fatally Flawed ........................................................................ 6

CONCLUSION .................................................................................................................. 8

# TABLE OF CITATIONS

**Page(s)**

## **CASES**

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731
    (Fed. Cir. 1988) ..................................................................................................3

*Benitec Australia Ltd. v. Nucleonics, Inc.*, C. A. No. 04-0174-JJF,
    2005 WL 2415959 (D. Del. Sept. 29, 2005) .....................................................3

*Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83 (1993) .....................3

*Cargill, Inc. v. Sears Petroleum & Transport Co.*, No. 02 Civ. 1396 (DC),
    2002 U.S. Dist. LEXIS 20714 (S.D.N.Y. 2002) ................................................5

*Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573 (Fed. Cir. 1993) ........................2

*EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996) ..........................................6, 7

*Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1347 (Fed. Cir. 2005) ..........................6

*Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d 879 (Fed. Cir. 1985) .................2

*Ivocar Vivodent, Inc. v. Hasel*, No. 02-CV-0316E(F), 2003 U.S. Dist.
    LEXIS 12611 (W.D.N.Y. June 30, 2003) ..........................................................6

*Microsoft Corp. v. Commonwealth Scientific and Indust. Research
    Organization*, No. C-05-1894, 2005 U.S. Dist. LEXIS 42965
    (N.D. Cal. Sept. 13, 2005) ] ...............................................................................6

*Nokia Corp. v. Interdigital Communications*, C. A. No. 05-16-JJF,
    2005 WL 3525696 *2 (D. Del. Dec. 21, 2005) ..........................................1, 2, 4

*Phillips Plastics Corp. v. Kato Katsujou Kabushiki Kaisha*, 57 F.3d 1051
    (Fed. Cir. 1995) ..................................................................................................6

*Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885 (Fed. Cir. 1992) ................................1, 3, 4

*Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324
    (Fed. Cir. 2005) ..................................................................................................2

*Windsurfing International Inc. v. AMF Inc.*, 828 F.2d 755 (Fed. Cir. 1987) ....................2

## INTRODUCTION

Defendant Finisar Corporation ("Finisar") filed a motion to dismiss which included a factual challenge to the Court's subject matter jurisdiction coupled with a request, in the alternative, that the Court decline to exercise any jurisdiction it may have over this declaratory judgment action. [D.I. 9]. Plaintiffs EchoStar Satellite LLC, EchoStar Technologies Corporation and NagraStar LLC (collectively "EchoStar") have filed an answering brief in opposition to Finisar's motion [D.I. 13] supported by declarations of Kerry P.L. Miller [D.I. 14] and Harold J. McElhiny [D.I. 15]. In this reply brief, Finisar shows that EchoStar has failed to satisfy its burden of proving by a preponderance of the evidence either that it had a real apprehension of litigation at the time it filed this declaratory judgment action, or that ongoing licensing negotiations had broken down. Finisar also shows that EchoStar's arguments against the declination of the discretionary exercise of declaratory judgment jurisdiction are based on a mischaracterization of Finisar's argument and a failure to support with evidence the attorney argument that the licensing negotiations had terminated long before suit was filed. For either of these reasons, it is respectfully submitted that Finisar's motion to dismiss should be granted.

## REPLY ARGUMENT

A. **Notwithstanding Its Burden Of Establishing Subject Matter Jurisdiction By A Preponderance Of The Evidence, EchoStar Has Presented <u>No Evidence Whatsoever</u> That It Had A Real Apprehension Of Suit, Imminent Or Otherwise**

As noted in Finisar's opening brief, "[t]he declaratory judgment plaintiff bears the burden of proving the existence of an actual and justiciable controversy by a preponderance of the <u>evidence</u>. Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 887 (Fed. Cir. 1992)." [D.I. 10 at 4 (emphasis added)]. Finisar's challenge to jurisdiction in this case is a factual challenge relying on matters outside the pleadings. See, e.g., Nokia Corp. v. Interdigital Communications, C. A.

No. 05-16-JJF, 2005 WL 3525696 *2 (D. Del. Dec. 21, 2005) ("the instant case presents a factual challenge because the Defendants dispute the existence of the jurisdictional facts alleged in the Complaint"). This challenge "placed the burden on [EchoStar] to demonstrate facts sufficient to support its allegations regarding the court's jurisdiction." Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993); Nokia Corp., 2005 WL 3525696 at *2. "Thus, [this Court] must scrutinize the evidence submitted by [EchoStar] for its otherwise naked jurisdictional allegations in order to determine whether this case is indeed ripe for adjudication." Cedars-Sinai, 11 F.3d at 1584.

The first element that a declaratory judgment plaintiff must demonstrate to establish subject matter jurisdiction is that at the time it filed suit, it had "a reasonable apprehension of *imminent* suit." Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc., 395 F.3d 1324, 1333 (Fed. Cir. 2005) (emphasis in original). This apprehension of litigation must be both "real and reasonable." Windsurfing International Inc. v. AMF Inc., 828 F.2d 755, 757 (Fed. Cir. 1987); see also Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 883 (Fed. Cir. 1985) ("Although the apprehension may have been real, we do not agree that it was reasonable under the present record.").

Pointing largely to the documentary evidence placed of record by Finisar, EchoStar's brief includes substantial "attorney argument" as to why an apprehension of litigation by EchoStar would have been reasonable. There is also conclusory unsupported **attorney argument** in EchoStar's brief that "EchoStar clearly had a reasonable apprehension of imminent suit." [D.I. 12 at 8, 10]. What is critically missing, however, is any **evidence** whatsoever that EchoStar really did have an apprehension of litigation at the time it initiated this suit.[1] Due

---

[1] This deficiency is particularly glaring given the fact that EchoStar has filed a Declaration from Kerry P. L. Miller [D.I. 14], the person to whom the last pre-suit letter from Finisar was sent (which letter is discussed in detail in EchoStar's answering brief).

- 2 -

to the absence of this critical evidence, EchoStar has failed to satisfy its evidentiary burden, thus requiring dismissal of its declaratory judgment complaint.

> B.   **An Assertion By The Patentee That Activity By The Declaratory Judgment Plaintiff Constitutes Infringement Does Not *Ipso Facto* Establish A Justiciable Case Or Controversy As EchoStar Suggests**

EchoStar incorrectly argues that assertions made by Finisar in the course of licensing negotiations that EchoStar infringed the '505 patent "necessarily gives rise to a justiciable controversy," citing Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 96 (1993), Benitec Australia Ltd. v. Nucleonics, Inc., C. A. No. 04-0174-JJF, 2005 WL 2415959 (D. Del. Sept. 29, 2005), and Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988). [D.I. 13 at 5]. A review of the procedural posture of the Cardinal and Benitec cases, however, makes clear that the phrase "a charge of infringement" is referring to the actual assertion of infringement in a lawsuit, as the declaratory judgment claims in both of those cases were in counterclaims. The Federal Circuit's dicta in Arrowhead that "[i]f defendant has expressly charged a current activity of the plaintiff as an infringement, there is clearly an actual controversy, certainty has rendered apprehension irrelevant, and one need say no more," 846 F.2d at 736, also makes sense only when viewed in this manner.[2/]

At a minimum, the Federal Circuit's use of the term, "an express charge of infringement" means an "express threat of litigation." See Shell Oil Corp. v. Amoco Corp., 970 F.2d 885, 888 (Fed. Cir. 1992).[3/] It clearly does not encompass statements made by the patentee

---

[2/]   In Arrowhead, there was an express accusation of infringement, but the patentee had not sued nor expressly threatened to sue. Thus, the Court analyzed the existence of a justiciable case or controversy by looking to see whether the declaratory judgment plaintiff had a reasonable apprehension of litigation at the time it filed suit. See Arrowhead, 846 F.2d at 737-38.

[3/]   Finisar never expressly threatened to sue EchoStar, and EchoStar does not so contend.

- 3 -

in the context of licensing negotiations that activities of the declaratory judgment plaintiff constitute infringement. Id. ("We agree with Amoco that a statement that Shell's activities 'fall within' Amoco's claims in the context of the parties' licensing negotiations can hardly be considered an express charge of infringement."). Allegations of infringement in this context are recognized as "jawboning" which typically occurs in licensing negotiations and "is not sufficient to give rise to a reasonable apprehension" of litigation. Nokia, 2005 WL 3525696 at *3.

Indeed, without positing that a potential licensing target has a need for a license, i.e., that its activity falls within the scope of the patent and therefore infringes it, what hope would a patentee ever have of successfully negotiating a license? In this case it was EchoStar that made clear to Finisar that "if you would like EchoStar to consider a license under the '505 patent, please provide a detailed element-by-element explanation that describes with specification how EchoStar's satellite transmission system uses at least one patent claim of Finisar Corporation's intellectual property." [See D.I. 11, Ex. B]. To Finisar's knowledge, no Court has ever held that when a patentee desiring to negotiate a license accommodates such a request, a justiciable case or controversy automatically arises that would sustain a declaratory judgment suit filed over a year later without the need to assess whether the declaratory judgment plaintiff had a reasonable apprehension of litigation at the time it filed suit.

> C. **The Licensing Discussions Between Finisar And EchoStar Had Not Terminated At The Time Suit Was Filed, And Public Policy Dictates That EchoStar's Complaint Be Dismissed**

EchoStar, again through attorney argument only, contends that "licensing negotiations ended long before EchoStar brought suit." [D.I. 13 at 10]. Tellingly, the Declaration of Mr. Miller [D.I. 14] does not support any finding that the negotiations had terminated by the time suit was filed. Finisar never set any time limit for EchoStar to respond to the specific

license offer communicated in June 2005. [See Declaration Of Ludmila Yamalova ("Yamalova Decl.") filed contemporaneously herewith at ¶ 3]. Finisar also did not advise EchoStar that licensing discussions needed to be resolved by any particular date. [Id.]. Although Mr. Miller now states in his declaration that in EchoStar's view the licensing proposal made by Finisar in June of 2005, did not "provide a basis from which EchoStar and Finisar could negotiate a license to the '505 patent that would be acceptable to EchoStar" [D.I. 14 at ¶ 5], at no time before it filed this declaratory judgment action did EchoStar communicate that view to Finisar. [Yamalova Decl. at ¶ 4]. Such uncommunicated thoughts do not result in a break down of negotiations. See, e.g., Cargill, Inc. v. Sears Petroleum & Transport Co., No. 02 Civ. 1396 (DC), 2002 U.S. Dist. LEXIS 20714 at *14 - *15 (S.D.N.Y. 2002) (addressing the irrelevance of uncommunicated views in a justiciable controversy analysis).

EchoStar's failure to respond to the licensing offer in the June 16, 2005 letter was not deemed significant by Finisar given the pendency of the litigation with DirecTV that was mentioned in that letter and the likely desire of EchoStar to await judicial determination in that litigation of the issues of infringement, validity and royalty with respect to the '505 patent. [Yamalova Decl. at ¶ 5]. When all of those issues were in fact decided in the DirecTV case, Finisar communicated in a press release that as a result thereof, "Finisar will continue its ongoing '505 patent licensing discussion with other companies operating data distribution networks." [Yamalova Decl. at ¶ 6]. EchoStar was one of those companies. EchoStar does not dispute that it was aware of this communication.[4] It is also undisputed that at no time before EchoStar filed

---

[4] Before any further meetings could be arranged, however, and without any prior communication to Finisar from EchoStar, EchoStar filed this declaratory judgment suit. [Yamalova Decl. at ¶ 7]. After suit was filed, accommodations were made in an attempt to defer when Finisar would have to respond to the complaint until after the scheduled meeting of executives could be held. See Declaration of Thomas B. Kenworthy filed contemporaneously herewith at ¶¶ 2 - 8].

- 5 -

this declaratory judgment action did EchoStar communicate to Finisar that the ongoing licensing discussions between the parties were terminated. [Id. at ¶ 8].

The foregoing undisputed facts makes this a far different situation than that presented in Microsoft Corp. v. Commonwealth Scientific and Indust. Research Org., No. C-05-1894, 2005 U.S. Dist. LEXIS 42965 at *17 - *18 (N.D. Cal. Sept. 13, 2005), cited by EchoStar [D.I. 13 at 11], in which the Court found that "[i]n the instant case the negotiations *had* terminated." Id. at *16. The basis for the finding in the Microsoft case that the license negotiations had terminated was the fact that the time limit placed on the offer had passed and the patentee had made clear that if the license offer were not accepted within that time limit, a license would not thereafter be available at any price and the patentee would enter the litigation phase of its licensing program. Id. at *15, *17 - *18.[5] The record in this case shows that the ongoing licensing discussions had not broken down at the time EchoStar filed suit.

> D. **EchoStar's Arguments As To Why This Court Should Not Decline To Exercise Jurisdiction, Even If EchoStar Had Presented Sufficient Evidence To Establish A Justiciable Case Or Controversy, Are Also Fatally Flawed**

EchoStar attempts to get around the compelling logic of EMC Corp. v. Norand Corp., 89 F.3d 807 (Fed. Cir. 1996), by mischaracterizing Finisar's position as if it were that "a

---

[5] The decision in Electronics for Imaging, Inc. v. Coyle, 394 F.3d 1347 (Fed. Cir. 2005), cited in the Microsoft decision is also not instructive here, as the central issue raised and addressed was the District Court's error of law "when it held that EFI suffered no uncertainty of the kind recognized by the Declaratory Judgment Act." Id. at 1346. Before suit was filed in that case, negotiations had broken down. Id. at 1344. EchoStar also cites *dicta* from the unpublished non-precedential decision of the United States District Court for the Western District of New York in Ivocar Vivodent, Inc. v. Hasel, No. 02-CV-0316E(F), 2003 U.S. Dist. LEXIS 12611 (W.D.N.Y. June 30, 2003). Aside from Finisar's belief that the Ivocar decision was wrongly decided and inconsistent with the Federal Circuit's ruling in Phillips Plastics Corp. v. Kato Katsujou Kabushiki Kaisha, 57 F.3d 1051, 1053 (Fed. Cir. 1995) that "[w]hen there are proposed or ongoing negotiations, a litigation controversy does not arise until negotiations have broken down," the issue became moot because the parties in that case agreed to a transfer of venue and the Court declined to exercise jurisdiction. 2003 U.S. Dist. LEXIS 12611 at *3.

- 6 -

district court should, or even may, dismiss a declaratory judgment action whenever the parties had at one time engaged in licensing negotiations." [D.I. 13 at 12]. That is not Finisar's position. This is also not a case where a declaratory plaintiff has established the existence of a reasonable apprehension of litigation and a patentee is arguing that subsequent initiation of licensing negotiations "removed" such an apprehension as suggested by EchoStar. [D.I. 13 at 11-12]. Finisar makes no such argument. Rather, this is a case where all of the communications between the parties had been in the course of ongoing license negotiations, and those discussions had not broken down when EchoStar filed suit.

The strong public policy in favor of resolving disputes without the need for litigation would support a decision not to exercise jurisdiction over this declaratory judgment action if subject matter jurisdiction did exist. To allow this case to proceed would be to discourage such good faith efforts on the part of Finisar to negotiate. See EMC Corp., 89 F.3d at 814. Finisar did not engage in scare-the-customer-and-run tactics, and EchoStar was not victimized and rendered helpless. Indeed, the Federal Circuit has made clear that if a potential declaratory plaintiff wishes to avoid a declination of jurisdiction because of the pendency of licensing negotiations that have not broken down, the alleged infringer can "avoid that problem altogether by simply cutting off negotiations." EMC Corp., 89 F.3d at 815.

EchoStar has presented no evidence to suggest that its precipitous filing of this litigation was for any purpose other than to improve its bargaining position in the licensing negotiations that it knew were ongoing at the time suit was filed. Accordingly, even if the Court were to find that EchoStar had established facts by a preponderance of evidence sufficient to permit the Court to find a justiciable case or controversy, the Court should exercise its discretion to decline the exercise of jurisdiction.

## CONCLUSION

For all the foregoing independent reasons, together with those set forth in Finisar's opening brief, Finisar respectfully submits that EchoStar's declaratory judgment complaint must be dismissed.

Respectfully submitted,

DATED: November 14, 2006

*/s/ Arthur J. Connolly, III*
Arthur G. Connolly, Jr. (No. 496)
Arthur G. Connolly, III (No. 2667)
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

OF COUNSEL:

Thomas B. Kenworthy
David W. Marston Jr. (No. 3972)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5000

Attorneys for Defendant
Finisar Corporation

and

Stephen B. Judlowe
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000

and

Dion M. Bregman
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California 94306
(650) 843-4000

## CERTIFICATE OF SERVICE

I, ARTHUR G. CONNOLLY, III, do hereby certify that on this date, true and correct copies of the foregoing were served upon the following counsel via ECF and as follows:

### VIA HAND DELIVERY

Josy W. Ingersoll, Esquire
Richard H. Morse, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street
The Brandywine Building, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899

### VIA FEDERAL EXPRESS

Harold J. McElhinny, Esquire
Rachel Krevans, Esquire
William J. Kuhne, Esquire
Jason A. Crotty, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105

Attorneys for Plaintiffs
EchoStar Satellite LLC,
EchoStar Technologies Corporation,
and Nagrastar LLC

DATED:  November 14, 2006

ARTHUR G. CONNOLLY, III (No. 2667)