UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECHOSTAR SATELLITE LLC, a Colorado corporation, ECHOSTAR TECHNOLOGIES CORPORATION, a Texas corporation, and NAGRASTAR LLC, a Colorado corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FINISAR CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 06-0425-JJF |

### DEFENDANT FINISAR CORPORATION'S RESPONSE TO ECHOSTAR'S NOVEMBER 13, 2006 LETTER TO THE COURT PURSUANT TO LOCAL RULE 7.1.2(c)

EchoStar has written to bring to the Court's attention the November 9, 2006 decision of Judge Alsup in Comcast Cable Communications v. Finisar Corp., No. C-06-04206 WHA (N.D. Cal. Nov. 9, 2006). [D.I. 20]. Although permitted by Local Rule 7.1.2(c) to briefly discuss why this case is pertinent, EchoStar chose not to do so. In point of fact, the Comcast decision is not at all pertinent to the issues before this Court. It establishes no new principle of law, and the underlying facts are critically different from the facts of record in this case.

First, a fundamental factual distinction between the cases is that there have been ongoing licensing discussions between Finisar and EchoStar involving exchanges of correspondence, one in-person meeting and another scheduled in-person meeting. No such negotiations were even begun with Comcast, and the California Court was thus not faced with the principle enunciated in Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha, 57 F.3d 1051, 1053

(Fed. Cir. 1995), that when there are "ongoing license negotiations, a litigation controversy normally does not arise until the negotiations have broken down." Second, whatever apprehension of litigation Comcast may have had when it filed suit cannot make up for the total absence of any evidence that EchoStar had an apprehension of litigation when it filed this suit. Finally, in the Comcast case, Judge Alsup placed considerable importance on a letter sent to Comcast in June 2006. See slip op. at 2, 4. There was no comparable letter sent to EchoStar.

Finisar respectfully submits that the Comcast decision provides no support for EchoStar's position in this case.

Respectfully submitted,

DATED: November 16, 2006

OF COUNSEL:

Thomas B. Kenworthy
David W. Marston Jr. (No. 3972)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5000

and

Stephen B. Judlowe
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000

and

Dion M. Bregman
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California 94306
(650) 843-4000

Arthur G. Connolly, Jr. (No. 496)
Arthur G. Connolly, III (No. 2667)
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

Attorneys for Defendant
Finisar Corporation

## CERTIFICATE OF SERVICE

I, ARTHUR G. CONNOLLY, III, do hereby certify that on this date, true and correct copies of the foregoing Defendant Finisar Corporation's Response To EchoStar's November 13, 2006 Letter To The Court Pursuant To Local Rule 7.1.2(c) were served upon the following counsel via ECF and as follows:

### VIA HAND DELIVERY

Josy W. Ingersoll, Esquire
Richard H. Morse, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street
The Brandywine Building, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899

### VIA FEDERAL EXPRESS

Harold J. McElhinny, Esquire
Rachel Krevans, Esquire
William J. Kuhne, Esquire
Jason A. Crotty, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105

Attorneys for Plaintiffs
EchoStar Satellite LLC,
EchoStar Technologies Corporation,
 and Nagrastar LLC

DATED:   November 16, 2006

ARTHUR G. CONNOLLY, III (No. 2667)