IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ECHOSTAR SATELLITE LLC, a Colorado
corporation; ECHOSTAR TECHNOLOGIES
CORPORATION, a Texas corporation, and
NAGRASTAR LLC, a Colorado corporation,

                Plaintiffs,

    v.

FINISAR CORPORATION, a Delaware
corporation,

                Defendant.

Civil Action No. 06-0425-JJF

**PLAINTIFF'S REPLY TO FINISAR'S RESPONSE TO
ECHOSTAR'S NOVEMBER 13, 2006 LETTER TO THE COURT**

OF COUNSEL:

Harold J. McElhinny
Rachel Krevans
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
(415) 268-7000

-and-

William J. Kuhne
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000

Josy W. Ingersoll (No. 1088)
Richard H. Morse (No. 531)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6672
*jingersoll@ycst.com*

Attorneys for Plaintiffs EchoStar
Satellite LLC, EchoStar Technologies
Corporation, and NagraStar LLC

DATED: November 17, 2006

On November 9, 2006, Judge Alsup denied Finisar's motion to dismiss Comcast's complaint for a declaratory judgment of invalidity and noninfringement of United States Patent No. 5,404,505 (the "'505 patent"). *See Comcast Cable Commc'ns Corp. v. Finisar Corp.*, No. C 06-04206 WHA (N.D. Cal. Nov. 9, 2006) ("*Comcast* Order"). Plaintiffs (collectively, "EchoStar") submitted the *Comcast* Order to the Court on November 13, 2006, without argument because Judge Alsup's short order clearly demonstrates that Finisar's motion to dismiss EchoStar's Complaint should be rejected. Rather than concede that the *Comcast* Order dooms its motion to dismiss EchoStar's complaint, Finisar has filed a "response" in which it attempts to distinguish the order through incorrect factual and legal arguments (*see* D.I. 26).[1]

Finisar argues that there is a "fundamental factual distinction" between the facts in *Comcast* and this case. (D.I. 26 at 1.) Finisar is wrong. Judge Alsup found that Finisar's "*subtler conduct*"[2] created a reasonable apprehension of suit for three reasons, each of which applies here. First, Finisar sued DirecTV on the '505 patent and directed Comcast to the $78.9 million verdict in that case. *Comcast* Order at 4. Similarly, Finisar told EchoStar that its suit against DirecTV demonstrated the strength of the '505 patent, and Finisar publicly announced the DirecTV verdict and its intent to enforce its intellectual property. (D.I. 13 at 3-4.) Second, Finisar initiated contact with Comcast regarding the '505 patent, *Comcast* Order at 4, just as it did with EchoStar (see D.I. 13 at 2). Third, a Finisar press release stated that Finisar sued DirecTV after unsuccessful attempts to engage DirecTV in licensing discussions and Finisar's attempts to engage Comcast also failed. *Comcast* Order at 4. Finisar likewise failed successfully

---

[1] There is no provision in the Local Rules for such a "response" but because Finisar has filed it, EchoStar files this reply responding to Finisar's arguments.

[2] Finisar never accused Comcast of infringing the '505 patent. *Comcast* Order at 4. In contrast, Finisar has repeatedly accused EchoStar of infringing the '505 patent.

to engage EchoStar in licensing negotiations, never receiving a response to the single settlement offer sent to EchoStar on June 16, 2005. (D.I. 13 at 3.)  In fact, while Finisar and EchoStar had not communicated for a year before EchoStar filed suit (D.I. 13 at 3-4), Finisar offered to extend a license to Comcast less than a month before Comcast filed suit, *see Comcast* Order at 2.  The *Comcast* Order is directly on point.

Finisar also misapplies the law in arguing that the *Comcast* Order "cannot make up for the total absence of any evidence that EchoStar had an apprehension of litigation when it filed this suit." (D.I. 26 at 2.)  Judge Alsup did not rely on a declaration from Comcast in finding that a reasonable apprehension of suit existed, because the "reasonable apprehension" standard is an objective standard.  *See Vanguard Research, Inc. v. Peat, Inc.*, 304 F.3d 1249, 1255 (Fed. Cir. 2002) (citation omitted).  This standard "looks to *defendant's* conduct" to see if defendant has demonstrated an "intent to enforce its patent."  *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 737 (Fed. Cir. 1988) (emphasis added).  "Indeed, it is the objective words and actions of the patentee that are controlling."  *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 979 (Fed. Cir. 1993).  The evidence before the Court shows that Finisar repeatedly accused EchoStar of infringing the '505 patent and demonstrated its intent to enforce that patent.

Judge Alsup's clear and concise order is directly on point and demonstrates that Finisar's motion to dismiss EchoStar's complaint should be denied.  Finisar's conduct gave rise to a reasonable apprehension of suit.  Finisar's motion to dismiss EchoStar's complaint should be denied.

2

DATED:  November 17, 2006

OF COUNSEL:

Harold J. McElhinny
Rachel Krevans
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105
(415) 268-7000

-and-

William J. Kuhne
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000

Respectfully submitted,

Josy W. Ingersoll (No. 1088)
Richard H. Morse (No. 531)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6672
jingersoll@ycst.com

Attorneys for Plaintiffs EchoStar
Satellite LLC, EchoStar Technologies
Corporation, and NagraStar LLC

DB02:5615848.1

065360.1001

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on November 17, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Arthur G. Connolly, III , Esquire
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801

I further certify that on November 17, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

## BY E-MAIL

Thomas B. Kenworthy, Esquire [tkenworthy@morganlewis.com]
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
alundgren@ycst.com

Attorneys for Plaintiffs