IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECHOSTAR SATELLITE LLC, a Colorado corporation; ECHOSTAR TECHNOLOGIES CORPORATION, a Texas corporation, and NAGRASTAR LLC, a Colorado corporation,<br><br>                  Plaintiffs,<br><br>     v.<br><br>FINISAR CORPORATION, a Delaware corporation,<br><br>                  Defendant. | C. A. No. 06-425-JJF |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION OF U.S. PATENT NO. 5,404,505**

| | |
|---|---|
| OF COUNSEL:<br><br>Harold J. McElhinny<br>Rachel Krevans<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105<br>(415) 268-7000<br><br>-and-<br><br>William J. Kuhne<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104-0050<br>(212) 468-8000<br><br>DATED: November 8, 2007 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>Josy W. Ingersoll (No. 1088)<br>Richard H. Morse (No. 531)<br>Andrew A. Lundgren (No. 4429)<br>1000 West Street<br>The Brandywine Building, 17th Floor<br>Wilmington, Delaware 19899<br>(302) 571-6672<br>*alundgren@ycst.com*<br><br>*Attorneys for Plaintiffs/Counterclaim-Defendants EchoStar Satellite LLC, EchoStar Technologies Corporation, and NagraStar LLC* |

**TABLE OF CONTENTS**

                                                **Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1
II. SUMMARY OF ARGUMENT ........................................................................................ 1
III. STATEMENT OF FACTS .............................................................................................. 2
IV. ARGUMENT .................................................................................................................... 3
    A. The Court Has the Authority to Grant a Stay Pending Reexamination ................. 3
    B. A Stay Will Neither Unduly Prejudice Nor Present a Clear Tactical Disadvantage to Finisar ............................................................................................ 4
    C. A Stay Will Simplify the Issues in Question and the Trial of This Case .............. 5
    D. Discovery Has Not Yet Begun, Nor Has a Trial Date Been Set ........................... 7
V. CONCLUSION .................................................................................................................. 8

# TABLE OF CITATIONS

**CASES**

Page(s)

*ASCII Corp. v. STD Entm't USA, Inc.*,
  844 F. Supp. 1378 (N.D. Cal. 1994) ............................................................................. 3

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
  No. 05-590 GMS, 2006 U.S. Dist. LEXIS 57469 (D. Del. Aug. 16, 2006) ................... 3

*Alloc, Inc. v. Unilin Décor N.V.*,
  No. 03-253-GMS, 2003 U.S. Dist. LEXIS 11917 (D. Del. July 11, 2003) ....... 3-4, 5, 6, 7

*Bausch & Lomb, Inc. v. Alcon Labs., Inc.*,
  914 F. Supp. 951 (W.D.N.Y. 1996) ............................................................................... 7

*Donnelly Corp. v. Guardian Indus. Corp.*,
  No. 05-74444, 2007 U.S. Dist. LEXIS 78055 (E.D. Mich. Oct. 22, 2007) ............... 3 n.2

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ................................................................................. 3, 6

*GPAC, Inc. v. D.W.W. Enters., Inc.*,
  144 F.R.D. 60 (D.N.J. 1992) ......................................................................................... 6

*Gioello Enters. Ltd. v. Mattel, Inc.*,
  No. C.A. 99-375 GMS, 2001 U.S. Dist. LEXIS 26158 (D. Del. Jan. 29, 2001) ..... 4, 5, 6

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*,
  No. C-06-2252 SBA, 2007 U.S. Dist. LEXIS 18785 (N.D. Cal. Feb. 26, 2007) ......... 4, 8

*Patlex Corp. v. Mossinghoff*,
  758 F.2d 594 (Fed. Cir. 1985) ....................................................................................... 3

*Snyder Seed Corp. v. Scrypton Sys., Inc.*,
  No. 98-CV-87S(H), 1999 U.S. Dist. LEXIS 12149 (W.D.N.Y. June 11, 1999) ............ 8

*Softview Computer Prods. Corp. v. Haworth, Inc.*,
  No. 97 Civ. 8815, 2000 U.S. Dist. LEXIS 11274 (S.D.N.Y. Aug. 10, 2000) ................ 4

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
  766 F. Supp. 212 (D. Del. 1991) ............................................................................... 5-6

DB02:6359509.1                                                                                                            065360.1001

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

On July 10, 2006, Plaintiffs EchoStar Satellite LLC, EchoStar Technologies Corporation, and NagraStar LLC (collectively, "EchoStar") brought suit against Defendant Finisar Corporation ("Finisar") for a declaratory judgment that EchoStar does not, and has not, infringed any valid claim of United States Patent No. 5,404,505 (the "'505 patent"). (D.I. 1.) On October 24, 2006, Finisar moved to dismiss EchoStar's complaint for lack of subject matter jurisdiction. (D.I. 9.) After that motion was fully briefed, the United States Patent and Trademark Office ("PTO") granted three separate petitions for reexamination of the '505 patent on December 11, 2006, March 21, 2007, and September 28, 2007. On September 25, 2007, the Court denied Finisar's motion to dismiss. (D.I. 33.) On October 10, 2007, Finisar filed its Answer and Counterclaim. (D.I. 34.) Nothing further has transpired in this action. EchoStar now files this motion respectfully to ask that the Court stay all proceedings in this case pending the reexaminations of the '505 patent, the sole patent at issue in this case.

II. **SUMMARY OF ARGUMENT**

1.  The reexaminations likely will result in the claims of the '505 patent that Finisar would assert against EchoStar being cancelled or changed, and could moot this case entirely.

2.  The reexaminations cover all claims of the '505 patent that Finisar asserted against the DirecTV entities ("DirecTV"), which, like EchoStar, provide direct broadcast satellite television services, in *Finisar Corp. v. DirecTV Group Inc.*, 1:05-cv-264 (E.D. Tex. filed Apr. 5, 2005), and against Comcast Cable Communications Corporation ("Comcast"), a cable broadcaster, in *Comcast Cable Commc'ns Corp. v. Finisar Corp.*, Case No. C-06-4206 (N.D. Cal. filed July 11, 2006), and likely cover all claims that Finisar would assert against EchoStar here.

3.     Even if some of the claims survive reexamination, there likely will be fewer claims to construe, and the additional prosecution history will further inform the Court's and the parties' understanding of the claims' scope.  As a result, a stay pending reexamination will preserve the Court's time and resources and spare the parties considerable expense.

4.     A stay is appropriate because this action is in its infancy.  Finisar filed its Answer and Counterclaim less than one month ago.  Discovery has yet to begin.  Neither a document request nor a deposition notice has been served to date.  Simply put, litigation of this case has yet to begin in earnest.

5.     In light of the early stage of these proceedings, a stay to allow the PTO to reexamine the '505 patent will not prejudice Finisar, and will benefit the Court and the parties.

## III.  STATEMENT OF FACTS

On December 11, 2006, the PTO granted an *ex parte* application for reexamination of the '505 patent.  *See* Declaration of William J. Kuhne ("Kuhne Decl."), Ex. A.  The PTO granted a second *ex parte* application for reexamination of the '505 patent on March 21, 2007.  *Id.*, Ex. B.  And on September 28, 2007, the PTO granted a third *ex parte* application for reexamination of the '505 patent.  *Id.*, Ex. C.[1]

According to the PTO, based on reexamination applications filed between July 1, 1981 and September 30, 2007, where a third party requested reexamination of a patent, the claims were amended 59% of the time, and the PTO canceled all claims 12% of the time.  *Id.*, Ex. D at 2.  Based on these figures, there is a greater than 70% chance that claims that otherwise would be

---

[1] In addition to the three pending reexamination proceedings, DirecTV's appeal and Finisar's cross-appeal in the *DirecTV* litigation are fully briefed and pending before the Federal Circuit.

at issue in this case will be changed or cancelled based on decisions by the PTO during the reexaminations of the '505 patent.[2]

IV.   ARGUMENT

    A.   The Court Has the Authority to Grant a Stay Pending Reexamination

District courts have "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 05-590 GMS, 2006 U.S. Dist. LEXIS 57469, at *17 (D. Del. Aug. 16, 2006). "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985) (recognizing that one of the "specified purposes" of reexamination is to stay pending patent litigation to enable the PTO to review the contested patents).

In determining whether to grant a stay pending reexamination, courts consider whether: (1) a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) a stay will simplify the issues in question and trial of the case; and (3) discovery is complete and a trial date set. *See Alloc, Inc. v. Unilin Décor N.V.*, Civil Action No. 03-253-

---

[2] The PTO's most recent published statistics indicate that the median time from request filing date to certificate issuance in a reexamination procedure is 18.4 months. *Id*. Reexamination cases involved in litigation, however, "will have priority over all other cases," *Donnelly Corp. v. Guardian Indus. Corp.*, No. 05-74444, 2007 U.S. Dist. LEXIS 78055, at *23 (E.D. Mich. Oct. 22, 2007) (quoting Manual of Patent Examining Procedure § 2261), and the reexaminations regarding the '505 patent should be given priority in the PTO.

GMS, 2003 U.S. Dist. LEXIS 11917, at *5 (D. Del. July 11, 2003); *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 U.S. Dist. LEXIS 26158, at *2-3 (D. Del. Jan. 29, 2001). Each of these factors weighs heavily in favor of granting a stay in this case.

    **B.**    **A Stay Will Neither Unduly Prejudice Nor Present a Clear Tactical Disadvantage to Finisar**

Finisar would not be prejudiced by a stay of this litigation. Finisar does not compete with EchoStar or otherwise practice the '505 patent, and can be adequately compensated by monetary damages for any alleged infringement of the '505 patent. A stay will not prejudice Finisar's potential recovery of such damages. *See Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C-06-2252 SBA, 2007 U.S. Dist. LEXIS 18785, at *9 (N.D. Cal. Feb. 26, 2007) (finding a stay appropriate where the plaintiff's "potential recovery of damages [would] not be affected by the re-examination proceeding"); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815, 2000 U.S. Dist. LEXIS 11274, at *10-11 (S.D.N.Y. Aug. 10, 2000) (granting stay pending reexamination and rejecting prejudice argument by patent-holder because "[i]f the patent is ultimately found to be valid and infringed, [the infringers] will be responsible to [the patent holder] for damages"). Indeed, Finisar itself requested a stay earlier this year in its patent litigation against Comcast based on the then two pending reexamination proceedings.[3]

---

[3] The district court in that case denied Finisar's motion for a stay, primarily because the court had already conducted five hearings, including a *Markman* hearing, and intended to file its claim construction order soon. *See* Kuhne Decl., Ex. E. The court specifically noted that "[h]ad this motion been made back when Finisar first learned that the reexamination was under consideration or even when it learned that it had been granted, the calculus might have been different.… [T]he Court has invested a large amount of time in preparing a claim construction ruling. We are … eleven months from trial." *Id.* at 2-3.

Accordingly, the complete absence of any prejudice or tactical disadvantage to Finisar heavily supports a stay of this action pending reexamination.

    **C.  A Stay Will Simplify the Issues in Question and the Trial of This Case**

Allowing the PTO to reexamine the '505 patent will benefit both the parties and the Court. *See Gioello Enters. Ltd.*, 2001 U.S. Dist. LEXIS 26158, at *2 (recognizing that the PTO's reexamination of the patent at issue would "simplify the issues in [the] case and focus the litigation"). As the court in *Gioello* noted, the benefits of a stay pending reexamination include: "(1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court." *Id.* at *3 (citations omitted); *see also Alloc, Inc.*, 2003 U.S. Dist. LEXIS 11917, at *7 (citing similar advantages to granting a stay). Many of these advantages will be realized by staying this action pending the PTO's reexamination of the '505 patent.

The PTO is reexamining all of the '505 patent claims that Finisar has asserted in litigation against other satellite and cable television providers—the same claims likely to be asserted against EchoStar here. Some, if not all, of these claims are likely to be substantially amended—or cancelled—before this case would go to trial. *See* Kuhne Decl., Ex. D at 2 (reporting that claims are either amended or cancelled entirely 71% of the time on *ex parte* reexamination). The results of the reexamination, therefore, will have a direct impact on this case in terms of eliminating or streamlining trial issues. *See United Sweetener USA, Inc. v.*

*Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) ("[W]aiting for the outcome of the PTO reexamination would be the most useful option in that it would simplify issues and aid in preparation for trial.").

In addition, "an advantage of the reexamination process is that it allows the validity of a patent to be 'tested in the patent office where the most expert opinions exist and at a much reduced cost.'" *Ethicon*, 849 F.2d at 1426 (quoting H. Rep. 1307(I), 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Admin. News 6460, 6463). The reexamination requests have placed substantial prior art before the PTO, which was not considered during the initial examination. The PTO is particularly suited to analyze this prior art, especially in terms of evaluating its significance in light of the prior art disclosed by Finisar during the initial examination. *See GPAC, Inc. v. D.W.W. Enters., Inc.,* 144 F.R.D. 60, 63 (D.N.J. 1992) ("Certainly, the PTO may be in a better position than the Court to evaluate the validity of a patent in view of prior art references. In fact, the patent re-examination procedure was clearly intended to provide the federal courts with the expertise of the PTO.").

Allowing the PTO to reexamine the '505 patent before the parties litigate this case also furthers the goals of judicial economy and conservation of resources. A stay of this action now will allow the parties and the Court not to spend time and resources litigating claims likely to change through the reexamination process. *See Alloc, Inc.*, 2003 U.S. Dist. LEXIS 11917, at *7 ("[I]t is beyond dispute that the court would benefit from a narrowing of the numerous complex issues related to claims, which, if clearly defined, would streamline discovery and subsequent litigation."). Conversely, if this litigation proceeds, there is a risk of inconsistent adjudications between this Court and the PTO, and for the Court and the parties to have "wasted time and … additional funds addressing an invalid claim or claims." *Gioello*, 2001 U.S. Dist. LEXIS 26158,

6

at *4 (citation omitted). *See also Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) (explaining that it "would be a tremendous waste of the time and resources of all those involved" to litigate claims in the face of an inconsistent ruling from the PTO).

Finisar itself recognized that these advantages would be realized through a stay. Finisar argued in the *Comcast* litigation that allowing the PTO to apply its expertise in assessing the validity of the '505 patent in light of prior art that the PTO had not previously considered would "focus subsequent discovery, dispositive motions and trial on claims, as they exist now or after amendment, that are certified by the PTO, thereby saving this Court and the parties time, effort and cost." Kuhne Decl., Ex. F at 9. In addition, Finisar noted that "[t]here is no reason for the parties to expend hundreds of thousands, or even millions, of dollars in proceeding with this case without first knowing the full scope of the '505 patent claims. … Without a stay, the parties will conduct discovery and prepare for trial on the claims as currently understood, only to face the very likely (58%) event that—shortly before trial—the claims will have changed." *Id.* at 6.

Unlike in the *Comcast* litigation, where substantial events in the litigation had taken place at the time that Finisar moved for a stay, there is no reason not to enter a stay here. The impact that the reexamination may have on the substantive aspects of this litigation, which is in its pleading stage, heavily favors granting a stay.

> **D.     Discovery Has Not Yet Begun, Nor Has a Trial Date Been Set**

The early stage of this litigation, before discovery has begun, also favors granting a stay. The parties have not served any written discovery or deposition notices, and have yet to exchange their initial disclosures. Moreover, neither a *Markman* hearing date nor a trial date has been set. It is precisely at this point in the litigation when courts routinely grant stays pending reexamination proceedings. *See, e.g.*, *Alloc, Inc.*, 2003 U.S. Dist. LEXIS 11917, at *8 ("[D]iscovery in this case has not yet begun, nor has a discovery schedule been entered at this

7

time. Likewise, the court has not yet set a trial date. Therefore, the stay will be entered before any party incurs substantial litigation-related expenses."); *Nanometrics*, 2007 U.S. Dist. LEXIS 18785, at *5-6 (granting stay where "[d]iscovery ha[d] commenced, but it ha[d] not proceeded" significantly); *Snyder Seed Corp. v. Scrypton Sys., Inc.*, 98-CV-87S(H), 1999 U.S. Dist. LEXIS 12149, at *9 (W.D.N.Y. June 11, 1999) (granting stay even though motion could have been brought earlier because the case was still in the pleading stage). Accordingly, the final factor to consider—whether discovery is complete and whether a trial date has been set—also heavily favors a stay of this action.

## V.  CONCLUSION

Given the impact that the reexamination proceedings will have on all facets of this case, which is in the pleading stage, EchoStar respectfully requests that the Court grant its motion to stay this action pending the PTO's reexamination of the '505 patent.

Respectfully submitted,

OF COUNSEL:

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Harold J. McElhinny  
Rachel Krevans  
MORRISON & FOERSTER LLP  
425 Market Street  
San Francisco, California  94105  
(415) 268-7000  

-and-

William J. Kuhne  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104-0050  
(212) 468-8000  

DATED:  November 8, 2007

/s/ *Andrew A. Lundgren*  
Josy W. Ingersoll (No. 1088)  
Richard H. Morse (No. 531)  
Andrew A. Lundgren (No. 4429)  
Young Conaway Stargatt & Taylor, LLP  
1000 West Street  
The Brandywine Building, 17th Floor  
Wilmington, Delaware 19899  
(302) 571-6672  
*alundgren@ycst.com*

*Attorneys for Plaintiffs/Counterclaim-Defendants EchoStar Satellite LLC, EchoStar Technologies Corporation, and NagraStar LLC*

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on November 8, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Arthur G. Connolly, III , Esquire
>Connolly, Bove, Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE  19801

I further certify that on November 8, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Thomas B. Kenworthy, Esquire [tkenworthy@morganlewis.com]
>Morgan, Lewis & Bockius LLP
>1701 Market Street
>Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/ *Andrew A. Lundgren*
Josy W. Ingersoll (No. 1088)
Richard H. Morse (No. 531)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
*jingersoll@ycst.com*
*rmorse@ycst.com*
*alundgren@ycst.com*

*Attorneys for Plaintiffs/Counterclaim-Defendants EchoStar Satellite LLC, EchoStar Technologies Corporation, and NagraStar LLC*