IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECHOSTAR SATELLITE LLC, a Colorado corporation; ECHOSTAR TECHNOLOGIES CORPORATION, a Texas corporation, and NAGRASTAR LLC, a Colorado corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FINISAR CORPORATION, a Delaware corporation,<br><br>Defendant. | C.A. No. 06-425-JJF |

**PLAINTIFFS' REPLY TO FINISAR CORPORATION'S COUNTERCLAIM**

  Plaintiffs/Counterclaim-Defendants EchoStar Satellite LLC, EchoStar Technologies Corporation and NagraStar LLC ("Plaintiffs") hereby reply to the Counterclaim of Defendant/Counterclaimant Finisar Corporation ("Finisar"), dated October 10, 2007, in accordance with the numbered paragraphs thereof as follows:

**COUNTERCLAIM**

  1. The allegations of paragraph 1 of the Counterclaim are legal conclusions to which no response is required, except admit that this Court has subject matter jurisdiction over this action and that venue is proper in this judicial district.

  2. Admit that the '505 patent is entitled "System For Scheduling Transmission Of Indexed and Requested Database Tiers On Demand At Varying Repetition Rates," and on its face identifies April 4, 1995, as the issue date, but deny that the patent is valid and refer the Court to the '505 patent for its contents.

3. Plaintiffs lack knowledge or information sufficient to admit or deny the allegation of paragraph 3 of the Counterclaim, and therefore deny the allegation.

4. Deny.

5. Deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

6. The '505 patent is invalid at least for failure to satisfy one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Second Affirmative Defense

7. Finisar is not entitled to any relief against Plaintiffs because Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '505 patent.

### Third Affirmative Defense

8. Finisar has failed to state a claim upon which relief can be granted. In particular, Finisar has failed to comply with Federal Rule of Civil Procedure 11(b)(3), which requires allegations "likely to have evidentiary support after a reasonable opportunity for further investigation and discovery" to be "specifically so identified." Finisar's conclusory allegations in paragraph 4 of the Counterclaim fail to meet this standard.

### Fourth Affirmative Defense

9. Finisar is estopped by amendments, arguments and/or representations made in prosecution before the United States Patent and Trademark Office from asserting any construction of claims of the '505 patent that would cover any technology made, used, imported, sold or offered for sale by Plaintiffs.

### Fifth Affirmative Defense

10. Finisar is estopped by positions taken and representations, admissions and statements made during its litigation in *Finisar Corp. v. The DirecTV Group, Inc.*, Case No. 1:05-cv-00256-RHC from asserting any construction of claims of the '505 patent that would cover any technology made, used, imported, sold or offered for sale by Plaintiffs.

### Sixth Affirmative Defense

11. Finisar is collaterally estopped, in whole or in part, as a result of the decisions by the United States District Court for the Eastern District of Texas in *Finisar Corp. v. The DirecTV Group, Inc.*, Case No. 1:05-cv-00256-RHC from pursuing claims against Plaintiffs.

### Seventh Affirmative Defense

12. Finisar knew or should have known of activities now alleged to infringe the '505 patent, and failed to assert its patent for a period of years. The delay has materially prejudiced Plaintiffs, such that any claim for infringement is barred by the doctrines of laches and equitable estoppel.

### Eighth Affirmative Defense

13. The '505 patent as been misused by Finisar by filing and maintenance of the Counterclaim, in bad faith, without probable cause in knowing, or when it should have known, that it had no valid claim of patent infringement against Plaintiffs, and for Finisar's enforcement of said patent and demand for licensing fees.

### Ninth Affirmative Defense

14. Finisar's claim for damages, if any, against Plaintiffs for alleged infringement of the '505 patent is limited by 35 U.S.C. § 286.

**Tenth Affirmative Defense**

15.     Finisar is not entitled to injunctive relief because any injury to Finisar is not immediate or irreparable, and Finisar has an adequate remedy at law for any claims it can prove.

**Other Affirmative Defenses**

16.     Plaintiffs hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve their right to amend this reply to Finisar's Counterclaim and assert all such defenses.

WHEREFORE, in addition to the relief requested in Plaintiffs' Complaint for Declaratory Judgment, dated July 10, 2006, and in response to Finisar's Counterclaim, Plaintiffs respectfully request that this Court enter judgment as follows:

(A)     Dismissing Finisar's Counterclaim and any amendments thereto with prejudice and entering judgment in Plaintiffs' favor, and against Finisar, on the Counterclaim;

(B)     Awarding Plaintiffs their attorneys' fees, costs and disbursements in defending against Finisar's Counterclaim; and

(C)     Granting Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully submitted,

OF COUNSEL:

Harold J. McElhinny
Rachel Krevans
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
(415) 268-7000

-and-

William J. Kuhne
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000

DATED: November 13, 2007

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

/s/ *Andrew A. Lundgren*
Josy W. Ingersoll (No. 1088)
Richard H. Morse (No. 531)
Andrew A. Lundgren (No. 4429)
1000 West Street
The Brandywine Building, 17th Floor
Wilmington, Delaware 19899
(302) 571-6672
*alundgren@ycst.com*

*Attorneys for Plaintiffs/Counterclaim-Defendants EchoStar Satellite LLC, EchoStar Technologies Corporation, and NagraStar LLC*

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on November 13, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Arthur G. Connolly, III , Esquire
>Connolly, Bove, Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE  19801

I further certify that on November 13, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

>Thomas B. Kenworthy, Esquire [tkenworthy@morganlewis.com]
>Morgan, Lewis & Bockius LLP
>1701 Market Street
>Philadelphia, PA 19103

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>/s/ *Andrew A. Lundgren*
>Josy W. Ingersoll (No. 1088)
>Richard H. Morse (No. 531)
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>*jingersoll@ycst.com*
>*rmorse@ycst.com*
>*alundgren@ycst.com*

>*Attorneys for Plaintiffs/Counterclaim-Defendants EchoStar Satellite LLC, EchoStar Technologies Corporation, and NagraStar LLC*