UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECHOSTAR SATELLITE LLC, a Colorado corporation, ECHOSTAR TECHNOLOGIES CORPORATION, a Texas corporation, and NAGRASTAR LLC, a Colorado corporation,<br><br>    Plaintiffs/<br>    Counterclaim Defendants,<br><br>v.<br><br>FINISAR CORPORATION, a Delaware corporation,<br><br>    Defendant/Counterclaimant. | Case No. 06-0425-JJF |

## FINISAR CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION OF THE '505 PATENT

OF COUNSEL

Thomas B. Kenworthy
David W. Marston Jr. (No. 3972)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5000

    and

Stephen B. Judlowe
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000

    and

Dion M. Bregman
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California 94306
(650) 843-4000

Arthur G. Connolly, Jr. (No. 496)
Arthur G. Connolly, III (No. 2667)
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, Delaware 19899
(302) 658-9141

Attorneys for Defendant/Counterclaimant
Finisar Corporation

DATED: November 27, 2007

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF PERTINENT FACTS | 2 |
| ARGUMENT | 3 |
|     A. EchoStar Ignores The Views And Decisions Of The Judge In This Case | 3 |
|     B. EchoStar Has Failed To Make Out A Clear Case Of Hardship Or Inequity In Being Required To Go Forward | 5 |
|     C. The Court Can Revisit The Issue Of A Stay After The Close Of Discovery And The Reexamination Proceedings Have Progressed | 6 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Automated Precision, Inc. v. SpatialMetrix Corp., C.A. No.
 98-509-JJF (D. Del. Jan. 20, 1999)...............................................................................5

Centillion Data Systems, LLC v. Avolent, Inc., C.A. No.
 05-712-JJF (D. Del. Apr. 24, 2006).................................................................................5

Comcast Cable Communications Corp. v. Finisar Corp., C.A. No.
 C-06-4206 (N.D. Cal. Jul. 11, 2006) ..............................................................................4

Davol, Inc. v. Allegiance Healthcare Corp., C.A. No.
 98-608-JJF (D. Del. Sept. 30, 1999) ...............................................................................5

Ethicon v. Quigg, 849 F.2d 1422 (Fed.Cir. 1988)......................................................................5

Finisar Corp. v. The DirecTV Group, Inc., C.A. No.
 1:05-CV-264 (E. D. Tex. Sept. 1, 2006).........................................................................4

Finisar Corp. v. XM Satellite Radio Holdings, Inc.,
 C.A. No. 9:07CV99 (E.D. Tex. Aug. 24, 2007) .............................................................4

Landis v. North American Co., 299 U.S. 248 (1936) ................................................................5

Simplification, LLC v. Block Financial Corp., C.A. No.
 04-114-JJF (D. Del. May 10, 2004)............................................................................1, 3

St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.,
 C.A. No. 03-241-JJF (D. Del. Jul. 23, 2003) ..................................................................4

St. Clair Intellectual Property Consultants, Inc. v. Sony Corp., C.A.
 No. 01-557-JJF, 2003 WL 25283239 (D. Del. Jan. 30, 2003)........................................1

Viskage Corp. v. American Nat'l Can Co., 261 F.3d 1316
 (Fed. Cir. 2001)...............................................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

This is a declaratory judgment action that the EchoStar plaintiffs filed on July 20, 2006, seeking a declaration that they do not infringe any valid claims of U.S. Patent No. 5,404,505 ("the '505 patent"). Defendant/Counterclaimant Finisar Corporation ("Finisar") filed a motion to dismiss contending that there was no ripe justiciable case or controversy. [D.I. 9]. That motion was denied by Memorandum Opinion dated September 25, 2007. [D.I. 32]. Finisar filed its answer and counterclaim on October 10, 2007 [D.I. 34], and plaintiffs filed their reply to the counterclaim on November 13, 2007. [D.I. 39].

On November 8, 2007, 16 months after EchoStar initiated this action and almost one year after the PTO first decided to reexamine the '505 patent, EchoStar has moved to stay this case pending reexamination. [D.I. 36]. This is Finisar's brief in opposition to that motion.

## SUMMARY OF ARGUMENT

As this Court has aptly noted, the end game strategy in patent infringement cases "is about 'the injunction.'" See St. Clair Intellectual Property Consultants, Inc. v. Sony Corp., C.A. No. 01-557-JJF, 2003 WL 25283239 *2 (D. Del. Jan. 30, 2003). The Court has also noted that it has "found few instances where a stay is warranted pending reexamination." See Simplification, LLC v. Block Financial Corp., C.A. No. 04-114-JJF (D. Del. May 10, 2004) [Declaration of Thomas B. Kenworthy ("Kenworthy Decl.") Ex. A] slip op. at 1.

Here, EchoStar pushed to have this Court assume jurisdiction over what Finisar did not believe to be a ripe dispute at the time EchoStar filed suit. Now that the Court has assumed jurisdiction, EchoStar wants to put the case "on ice" effectively insuring that it will not

- 1 -

be enjoined for another three or more years. This Court should follow the lead of the other two Courts – the Northern District of California and the Eastern District of Texas – that have addressed staying litigation regarding infringement of the '505 patent pending these reexaminations, both of which have denied motions for a stay. EchoStar should not be able to prejudice Finisar's right to a prompt trial of the dispute with EchoStar, at which time this Court will have the benefit of the views of the Federal Circuit in the appeal of the judgment of the District Court in the <u>DirecTV</u> case wherein the '505 patent was found valid and infringed.[1]

## STATEMENT OF PERTINENT FACTS

- EchoStar initiated this lawsuit on July 10, 2006. [D.I. 1].

- In order to induce this Court to assume jurisdiction over this case, EchoStar argued that this Court should not "wait until the Federal Circuit rules on the DirecTV appeal before EchoStar can obtain a resolution of the parties' dispute. * * * [T]he Court should adjudicate this dispute now." [D.I. 13 at 10].

- The first of three orders granting reexamination of the '505 patent issued on December 11, 2006. [D.I. 38, Ex. A].

- EchoStar refrained from suggesting a stay until after this Court ruled on the motion to dismiss.

---

[1] Oral argument before the Federal Circuit will be held on January 7, 2008. [See Kenworthy Decl., Ex. B].

- 2 -

- In two other litigations involving claims of infringement of the '505 patent which were filed either contemporaneously with or subsequent to this action, motions for stays pending reexamination of the '505 patent have been denied. [See D.I. 38, Ex. E; Kenworthy Decl., Ex. C].

- The reexamination statistics upon which EchoStar relies demonstrate that as a general matter in only 10% of the cases are all claims cancelled during reexamination. [D.I. 38, Ex. D at 2].

- The principal prior art technology cited in the reexamination requests is the same art that was presented in the DirecTV case where a jury and the Court upheld the validity of the '505 patent. [Kenworthy Decl., Ex. D at 3].

## ARGUMENT

### A.  EchoStar Ignores The Views And Decisions Of The Judge In This Case

In support of its requested stay, EchoStar cites decisions from other judges and other courts, but tellingly fails to cite to any decisions of the presiding Judge in this case. No doubt that is due to the Court's expressed view that it has "found few instances where a stay is warranted pending re-examination." Simplification, LLC v. Block Financial Corporation, supra, slip op. at 1. EchoStar also cites cases that are factually dissimilar from this case. Here, presented with the same core prior art that underlies the reexaminations, the '505 patent's validity has already been sustained by a jury after trial and a judge upon post-trial motions. See

- 3 -

Finisar Corp. v. The DirecTV Group, Inc., C.A. No. 1:05-CV-264 (E. D. Tex. Sept. 1, 2006) [Kenworthy Decl., Ex. E] slip op. at 2, 5-6, 8. When this Court has been presented with a motion for stay pending reexamination under such circumstances, even when filed with the initial response to the Complaint, it has denied the motion. See St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc., C.A. No. 03-241-JJF (D. Del. Jul. 23, 2003) [Kenworthy Decl., Ex. F at D.I. 57 and Ex. G].

There are two other pending cases involving claims of infringement of the '505 patent. In both of those cases, motions for stay pending reexamination have been filed and in both of those cases, the motion for stay has been denied. See Comcast Cable Communications Corp. v. Finisar Corp., C.A. No. C-06-4206 (N.D. Cal. Jul. 11, 2006) [D.I. 38, Ex. E]; Finisar Corp. v. XM Satellite Radio Holdings, Inc., C.A. No. 9:07CV99 (E.D. Tex. Aug. 24, 2007) [Kenworthy Decl., Ex. C]. The Comcast Court observed that "[t]he chance that all claims in suit would evaporate is nonexistent as a practical matter." Slip op. at 2. The Court further stated that "discovery will advance the goal of informing counsel on the merits. This may well lead to a negotiated license and end the controversy altogether." Id. at 3. The XM Satellite Court noted Finisar's position that a stay of any significant length of time will adversely affect the value of the patent for future royalties or licensing, and found that the prejudice or disadvantage to Finisar weighed against staying the case. Slip op at 1-2. The Court further concluded "that the issues in the case would not be sufficiently simplified to justify a stay." Id. at 3.

These reasons for denying a stay are equally applicable here. Indeed, in similar circumstances in which the question of a stay pending reexamination of a patent had already been addressed by another court before which a suit involving the same patent was pending

and a stay had been denied, this Court has been persuaded to follow the lead of the other court. See Centillion Data Systems, LLC v. Avolent, Inc., C.A. No. 05-712-JJF (D. Del. Apr. 24, 2006) [Kenworthy Decl., Ex. H] slip op. at 2. Finisar respectfully submits that the lead of the Northern District of California and the Eastern District of Texas should be followed in this case.

### B. EchoStar Has Failed To Make Out A Clear Case Of Hardship Or Inequity In Being Required To Go Forward

The Court has the inherent power to control its own docket, including the power to stay proceedings. Landis v. North American Co., 299 U.S. 248, 254 (1936). While this authority extends equally to patent cases in which a reexamination by the PTO has been requested, see Ethicon v. Quigg, 849 F.2d 1422, 1426-27 (Fed.Cir. 1988), the Court is not required to stay judicial resolution in view of reexaminations. Viskage Corp. v. American Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001); see also Davol, Inc. v. Allegiance Healthcare Corp., C.A. No. 98-608-JJF (D. Del. Sept. 30, 1999) [Kenworthy Decl., Ex. I] slip op. at 2 ("a stay is not mandated because a reexamination has been requested."); Automated Precision, Inc. v. SpatialMetrix Corp., C.A. No. 98-509-JJF (D. Del. Jan. 20, 1999) [Kenworthy Decl., Ex. J] slip op. at 3 ("a stay is not mandated because a reexamination has been requested."). Indeed, the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis, 299 U.S. at 255.

Given that the "injunction" is the central relief fought over in a patent case, Finisar would be seriously prejudiced by the substantial delay in obtaining injunctive relief that would be occasioned by a stay that would likely extend at least 18 months. Finisar would

also be deprived of infringement and damages discovery that would be highly material to the conduct of licensing negotiations with EchoStar. Indeed, Finisar is concerned that if this case is put "on ice," EchoStar will not engage in meaningful settlement/licensing negotiations during the period of any stay. Finally, the inability to timely adjudicate the dispute with EchoStar may detrimentally affect the range of options Finisar has in its negotiations with other accused infringers.

Balanced against the prejudice to Finisar were a stay to be granted, EchoStar has wholly failed to establish a clear case of hardship or inequity should a stay be denied. Indeed, it must be remembered that it was EchoStar that initiated this lawsuit and argued that the dispute was ripe and should be resolved **now**.

### C. The Court Can Revisit The Issue Of A Stay After The Close Of Discovery And The Reexamination Proceedings Have Progressed

While the balance of equities does not favor a stay at this point in time where there has yet to be a first Office Action in the reexaminations, the Court can always revisit the issue of such a stay after discovery is completed and the reexamination proceedings have progressed. At that time, there should also have been a decision by the Federal Circuit in the DirecTV case, where oral argument will be heard on January 7, 2008.[2]

---

[2] Finisar would be willing to agree to a consensual stay pending a decision by the Federal Circuit in the DirecTV case.

## CONCLUSION

For all the foregoing reasons, Finistar respectfully submits that EchoStar's motion for a stay pending reexamination should be denied. Should the Court be inclined to grant any stay, it should only be until a decision by the Federal Circuit in the <u>DirecTV</u> case.

DATED:   November 27, 2007

OF COUNSEL:

Thomas B. Kenworthy
David W. Marston Jr. (No. 3972)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921
(215) 963-5000

and

Stephen B. Judlowe
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178-0060
(212) 309-6000

and

Dion M. Bregman
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, California  94306
(650) 843-4000

s/ Arthur G. Connolly, III
Arthur G. Connolly, Jr. (No. 496)
Arthur G. Connolly, III (No. 2667)
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, Delaware  19899
(302) 658-9141

Attorneys for Defendant/Counterclaimant
Finisar Corporation

## CERTIFICATE OF SERVICE

I, ARTHUR G. CONNOLLY, III., do hereby certify that on this date, true and correct copies of the foregoing Finisar Corporation's Brief In Opposition To Plaintiffs' Motion To Stay Proceedings Pending Reexamination Of The '505 Patent were served upon the following counsel via ECF and as follows:

### VIA HAND DELIVERY

Josy W. Ingersoll, Esquire
Richard H. Morse, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street
The Brandywine Building, 17th Floor
P. O. Box 391
Wilmington, Delaware  19899

### VIA FEDERAL EXPRESS

Harold J. McElhinny, Esquire
Rachel Krevans, Esquire
William J. Kuhne, Esquire
Jason A. Crotty, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105

Attorneys for Plaintiffs
EchoStar Satellite LLC,
EchoStar Technologies Corporation,
 and NagraStar LLC


DATED:   November 27, 2007              s/  Arthur G. Connolly, III
                                        ARTHUR G. CONNOLLY, III (I.D. 2667)